· [No. 3,992.]

## ERNST DUNKER *v*. CATHARINE LUTZ AND JOHN HOUCK.

ALIAS SUMMONS.—The Clerk of the District Court is authorized, on demand of the plaintiff, and without an order of Court, to issue an *alias* summons after the expiration of the year during which the original must be issued.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 15th day of November, 1865, the plaintiff obtained a judgment against the defendants in said Court, for five hundred and ninty-nine dollars and costs. On the 15th day of November, 1869, he commenced suit on the judgment by filing a complaint and procuring a summons to be issued. On the 19th day of February, 1872, the summons was served on defendant Lutz, and returned to the Clerk's Office on the 2d day of March, 1872, not served on defendant Houck. On the 13th day of February, 1873, the Clerk of the Court, without an order of the Court, on demand of the plaintiff, issued an *alias* summons, which was served on the defendant Houck on the. 15th day of February, 1873. On the 19th day of February following, defendant Houck gave the plaintiff notice that he would move the Court to quash the summons and return thereon, because the same was issued improvidently and without any authority of law, and for neglect and laches of the plaintiff. The motion was heard upon affidavits, and upon the papers in the case. The plaintiff's affidavit alleged that defendant Houck had concealed himself to avoid the service of summons, and that the summons had been served

as soon as the plaintiff had found him. The Court denied the motion. The plaintiff had judgment, and the defendant appealed from the judgment, and from an order denying a new trial.

*N. Hamilton* and *Beatty & Denson*, for the Appellant.

The Court erred in failing to quash the summons which was issued on the 13th of February, 1873, and the return thereon. (*Dupuy* v. *Shear*, 29 Cal. 239.)

The Clerk had no right to issue a summons in February, 1873.

The right to issue a summons under the complaint filed in November, 1869, expired November 15, 1870. After that date, the Clerk, on his own motion, certainly could not, and the Court probably would not, authorize the issue of an *alias* summons. (See case cited, 29 Cal. pp. 241–2.)

The Code, section four hundred and six, authorizes the Clerk at any time within one year to issue summons.

Section four hundred and eight of the Code provides that if the summons is returned without being served on any or all the defendants, the Clerk may issue an *alias* summons. But this *alias* summons, we presume, must be issued, like the first, within the year provided in section four hundred and six; otherwise, the suit might be kept alive for a century, without an effort to serve the defendant.

Even if it is intended, under the Code, to allow an *alias* summons to issue after the expiration a year, this does not apply to a case where the action was brought, and the whole period of one year had expired before the Code went into effect. This would be to give the Code a retroactive effect, and to revive a cause of action which was totally gone before the Code was passed.

*Daingerfield & Olney*, for the Respondent.

The motion to quash a summons is always addressed to the discretion of a Court, and the case of *Dupuy* v. *Shear*, 29 Cal. 239, cited by appellant, shows it; and where, by setting aside a summons as irregular, the plaintiff would

be barred of his right of action by reason of the Statute of Limitations, the Court will permit an amendment to be made. (*Weare* v. *Slocum*, 3 How. Pr. Reps. 397.)

That the law does not require a vain thing to be done is axiomatic. Hence, if the Court would have permitted a summons to issue upon motion, it would have been folly to quash the writ issued and order another. That it would have ordered a writ to issue is plain from the finding of the Court that "the debt was due, and that the apparent laches on our part had been satisfactorily accounted for."

The practice under the code in regard to the summons should be as near that of the common law practice under the *capias* as possible. (*Blanchard* v. *Strait*, 8 How. Pr. 84.) Under that practice, if the action was kept alive by a continuance roll, *aliases* and *pluries* writs could have issued as a matter of course and the debt would never outlaw. (See *Dupuy* v. *Shear*, 29 Cal. 240.) Under our Practice Act, the filing of a complaint stops the Statute of Limitations.

By the Court, McKINSTRY, J.:

I think the Clerk of the District Court is authorized, on demand of the plaintiff, to issue an *alias* summons after the expiration of the year during which the original must be issued.

If the plaintiff is guilty of laches, by failing to serve either the original or the *alias*, the defendant may move to quash.

Judgment and order affirmed. Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT expressed an opinion.